IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
         v.                     :
                                :
JULIO COLON AND                 :
DARWIN CHRISTIAN                :        NO. 2006-12

MEMORANDUM

Bartle, C.J.                                        April 16, 2008

        Defendants Julio Colon and Darwin Christian are charged
with conspiracy to possess with the intent to distribute crack
cocaine and aiding and abetting each other in the distribution of
crack cocaine.  21 U.S.C. § 841(a)(1).  Defendant Colon is also
charged with distribution of crack cocaine.  Id.  Defendants now
move to dismiss the indictment against them on the grounds that
an ongoing failure to prosecute has violated their right to a
speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, *et
seq.*, and the Sixth Amendment to the United States Constitution.

                              I.

        This matter has a long and complex history.  Colon and
Christian were first indicted on April 27, 2004 and were charged
with violations of 21 U.S.C. § 841(a)(1).  United States v. Julio
Colon, Jorge Perez, and Darwin Christian ("Colon I").  No. 2004-
94 (D.V.I. filed April 27, 2004).  The trial of defendant Colon
commenced on November 15, 2004.  After the jury was unable to
reach a unanimous verdict, the court declared a mistrial on

November 24, 2004.  On March 30, 2006, by order of Chief Judge
Curtis Gomez, the court dismissed the indictment in Colon I
against both defendants without prejudice for violations of the
Speedy Trial Act.  Colon filed a motion for reconsideration on
April 7, 2006, in which he argued that the indictment should have
been dismissed with prejudice.  The court denied his motion the
next day.  On May 11, 2006, defendants were indicted in the
present case based on the same facts as those alleged in the 2004
indictment and were again charged with violations of 21 U.S.C.
§ 841(a)(1).  Defendants were arraigned on August 23, 2006.

         On August 18, 2006, a few days prior to the
arraignment, Colon filed a notice of appeal of the district
court's March 30, 2006 order in Colon I which dismissed the
indictment without prejudice.  The gravamen of the appeal was the
failure of the court to dismiss the indictment with prejudice.
Appeal docketed, No. 2006-3935 (3d Cir. Aug. 31, 2006).  On
October 17, 2006, during the pendency of the appeal, the
government moved in the district court, pursuant to Rule 8(a)(1)
of the Federal Rules of Appellate Procedure, for a stay of the
trial date during the pendency of Colon's appeal in Colon I.
Judge Raymond J. Finch granted the government's motion the next
day.  He determined that Colon's appeal required a stay of the
proceedings in the present case.  In his view, the district court
did not have jurisdiction over the present action until the
appeal in what was in essence the same case was resolved.  The
Court of Appeals dismissed Colon's appeal in Colon I on

-2-

November 20, 2007 for lack of jurisdiction.  It concluded that
the order Colon sought to appeal was not a final order and was
not appealable pursuant to the collateral order doctrine.

On January 9, 2007, again while the appeal in Colon I
was still pending, Christian moved to dismiss the present
indictment against him for violations of the Speedy Trial Act.
Colon made a similar motion on February 7, 2007.  Citing Judge
Finch's earlier decision to stay the trial date pending Colon's
appeal, the undersigned, to whom the case had been reassigned,
denied defendants' motions on April 13, 2007.  Defendant
Christian filed his pending motion to dismiss on January 7, 2008
while Colon did likewise the following day.

                                II.

Defendants first contend that the indictment against
them should be dismissed because prosecutorial delay has caused
their rights under the Speedy Trial Act to be violated.  The Act
provides that "[i]n any case in which a plea of not guilty is
entered, the trial of a defendant ... shall commence within
seventy days ... from the date the defendant has appeared before
a judicial officer of the court in which such charge is pending."
18 U.S.C. § 3161(c)(1).[1]  In calculating the seventy day
deadline, the court must exclude from its calculation the time of
the pendency of certain motions or other events, as outlined in
the statute.  Id. at § 3161(h); e.g. U.S. v. Felton, 811 F.2d

---

1.  The term "judicial officer" means any United States
magistrate or federal district judge.  18 U.S.C. § 3172.

                                -3-

190, 193 (3d Cir. 1987).  In a case such as this where multiple defendants are charged together, a single speedy trial clock governs and "an exclusion applicable to one defendant applies to all codefendants."  U.S. v. Novak, 715 F.2d 810, 814 (3d Cir. 1983) (abrogated on other grounds by Felton, 811 F.2d 190). Defendants bear the burden of proving a violation.  18 U.S.C. § 3162(a)(2).

The court must dismiss the indictment on motion of the defendant if there is a failure to comply with the Speedy Trial Act.  Id.; U.S. v. DiPasquale, 740 F.2d 1282, 1293 (3d Cir. 1984) (citation omitted).  Though dismissal is mandatory, the court retains discretion to decide whether the indictment is dismissed with or without prejudice.  In making this decision, "the court shall consider, among others, each of the following factors:  the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  18 U.S.C. § 3162(a)(2).

Defendants made their initial appearance before a judge of this court in this current action on August 23, 2006.  It is undisputed that the speedy trial clock began to run the following day, August 24.  Id. at § 3161(c)(1).  It is also undisputed that the clock stopped on January 7, 2008, when the instant motion of defendant Christian to dismiss the indictment was filed.  Because 501 days elapsed during that period, defendants present a prima facie case that the seventy day period under the Speedy Trial Act

-4-

has run.  See U.S. v. Mentz, 840 F.2d 315, 326 (6th Cir. 1988).
The government argues, however, that 470 of these days are
excludable under § 3161(h).  If the government is correct, only
thirty-one of the seventy days have expired between the
defendants' first appearance and the filing of Christian's motion
to dismiss.

At the outset, we must reduce the 501 day total by the
following periods, which defendants admit constitute excludable
time under the Act:  (1) October 11-12, 2006, for Colon's motion
to travel; (2) October 17-18, 2006, for the government's motion
to stay the trial date; (3) December 6-20, 2007, for Colon's
motion to modify conditions of release; and (4) December 28,
2007, for Colon's motion to travel.  Subtracting these twenty
days reduces the total number of days in issue to 481.

We turn next to two additional periods which the
government contends should be excluded from the court's
calculation.  The government first argues that its motion for
reciprocal discovery, filed on August 4, 2006, should toll the
speedy trial clock from August 24, 2006, the day it began
running, until February 22, 2007, when the court held a hearing
and ruled on that motion.[2]  Section 3161(h)(1)(F) of the Speedy
Trial Act excludes any period of delay "resulting from any

---

2.  While an order deciding the motion does not appear on the
docket, a review of the audio recording of the hearing
establishes that Magistrate Judge George Cannon ruled from the
bench on that motion.  He stayed the order pending the resolution
of Colon's appeal.

pretrial motion, from the filing of the motion through the
conclusion of the hearing on, or other prompt disposition of,
such motion."  The government contends that the exclusion of the
period during the pendency of its motion for reciprocal discovery
is "automatic and all but absolute" under the Act.

Defendants counter that the time during which the
government's motion was pending should not be excluded.  They
maintain that the government's motion was merely a pro forma
request for discovery, that no hearing or other intervention by
the court was necessary on such a routine matter, and that the
court did not resolve the motion at the hearing.  According to
defendants, the sole issue discussed in briefing prior to the
February 22, 2007 hearing was the question of whether the
government would be required to reproduce discovery to the new
defense counsel in the newly-filed case.  Defendants represent
that this issue was not decided by the court since the government
voluntarily produced the discovery prior to the date of the
hearing.

Defendants rely exclusively on a decision from the
Court of Appeals of the Sixth Circuit, United States v. Mentz, to
support their argument that the time during which the
government's motion for reciprocal discovery was pending should
be included in the Speedy Trial Act calculation.  840 F.2d 315.
In Mentz, the defendant filed a motion for discovery and
inspection under Rule 16 of the Federal Rules of Criminal
Procedure.  Id. at 327.  The government asserted that the motion

-6-

was not ruled on until the first day of trial in the case, some ninety-three days later, and that that period of time must be excluded from the speedy trial calculation.  _Id._  The defendant maintained that his motion had no significance under the Speedy Trial Act because it was merely a routine motion asking for material to which he was already entitled under Rule 16 and not requiring the court's intervention.  _Id._ at 327-28.  The Court of Appeals agreed with the defendant.  It determined that the government considered the motion to be insignificant because it never objected to the motion or sought a protective order from it.[3]  _Id._ at 329.  The Court of Appeals further explained that the district court had not ruled on the motion but treated it as a pro forma submission that did not require the court's intervention.  _Id._

_Mentz_ is inapposite.  Here, the motion of the government for reciprocal discovery was contested.  Defendant Christian filed an opposition to the motion on August 18, 2006.  Additionally, and crucially, the court clearly deemed the government's motion as one necessitating its intervention.  Magistrate Judge George Cannon, to whom this matter was assigned, held a hearing on the government's motion on February 22, 2007.  Contrary to what defendants argue, he ruled on the motion and did

---

3.  As further evidence that the government viewed the motion as irrelevant, the Court of Appeals noted that the government did not rely on time excludable due to the motion in its initial appellate brief and only argued that the time should be excluded after the court requested more information on the matter during oral argument.

so from the bench.  He granted the government's motion and then
stayed the order pending the resolution of Colon's August 18,
2006 appeal in Colon I.

The Court of Appeals for the Sixth Circuit in a
subsequent decision has had occasion to analyze a scenario more
similar to the one presently before us.  In United States v.
Chalkias, the defendant filed a motion for discovery and later a
motion to compel discovery.  971 F.2d 1206 (6th Cir. 1992).  He
argued that, as in Mentz, his motions were not formal motions
under the Speedy Trial Act but instead were essentially discovery
requests directed to the United States and thus would not create
excludable delay.  Id. at 1210.  The Court of Appeals disagreed.
It noted that, unlike Mentz, both motions of the defendant had
elicited a response from the government and that the district
court had later explicitly ruled on the motions.  Id.  The court
held that the time during which defendant's motions were pending
was excludable because both the government and the district court
considered defendants' submission "as full-fledged motions that
required disposition well in advance of the trial date."  Id. at
1210-11.

As in Chalkias, the government's pre-trial motion for
discovery here, which was contested by the defendants and ruled
upon by the court, tolls the clock under § 3161(h)(1)(F) of the
Speedy Trial Act.  That the motion in this case was filed by the
government instead of the defendant is irrelevant.  See U.S. v.
Harmon, 1995 WL 29276, at *5-6 (5th Cir. Jan. 13, 1995).

-8-

Subsection (h)(1)(F) allows for the exclusion of "all time that is consumed in placing the trial court in a position to dispose of a motion." Henderson v. U.S., 476 U.S. 321, 331 (1986). When, as here, the court determines that a hearing is required to decide a motion, "subsection (F) on its face excludes the entire period between the filing of the motion and the conclusion of the hearing." Id. at 329. This is the case "whether that hearing was prompt or not." Id. at 327. See also Felton, 811 F.2d 190.

Thus, the filing of the government's motion for reciprocal discovery on August 4, 2006 tolled the speedy trial clock from the day it began running, August 24, 2006, through the date of the court's hearing and ruling on the matter, February 22, 2007. A period of 179 days must be excluded under our calculation, reducing the total number of days in issue from 481 to 302.[4]

The government also argues that we must exclude the time between August 24, 2006, when the speedy trial clock started to tick, and November 20, 2007, when our Court of Appeals dismissed Colon's appeal. We agree. Section 3161(h)(1)(E) of the Speedy Trial Act provides for the exclusion of any period of

_____

4. The court notes that there are 183 days between August 24, 2006 and February 22, 2007, inclusive. However, as discussed earlier, the parties agreed that the speedy trial clock was already stopped on four dates during that period, October 11, 12, 17 and 18, 2006, and we reduced the number of elapsed days accordingly. So as to not double count these four dates, we consider the pendency of the government's motion for reciprocal discovery to have stopped the speedy trial clock for 179 of the 183 total days that it was pending.

-9-

delay "resulting from any interlocutory appeal."  The Court of Appeals has acknowledged the flexibility of that provision, holding in one case that "the purpose of [§ 3161(h)(1)(E)] is to remove from the Speedy Trial Act calculation periods when the district court justifiably cannot try the defendant's case." Felton, 811 F.2d at 198.  Citing that language, the Court of Appeals later held that a petition for writ of mandamus should be considered under that provision, though it was not technically an appeal.  U.S. v. Tyler, 878 F.2d 753, 758-59 (3d Cir. 1989).  The instant matter presents an unusual situation wherein the appeal in question was technically taken in a different case.  The present case, however, stems from the same charges and factual underpinnings as the previous one, and it was clear that the outcome of the appeal would determine whether the present matter could continue to go forward.  Under those circumstances, and noting the flexible nature of § 3161(h)(1)(E), the appeal in Colon I served to toll the speedy trial clock in the present matter.  Moreover, it is the law of this Circuit that even a frivolous interlocutory appeal serves to stop the speedy trial clock.  DiPasquale, 740 F.2d at 1293; Tyler, 878 F.2d at 759 n.2; see also U.S. v. Saintil, 705 F.2d 415, 417 (11th Cir. 1983).

Defendants do not address the contention that the entire period of the appeal's pendency should be excluded. Instead, they focus on the October 18, 2006 decision of Judge Finch to stay the trial date until the appeal had been decided. Christian argues in his brief, in which Colon surprisingly joins,

-10-

that Colon's appeal in Colon I was clearly frivolous, as confirmed by the order of our Court of Appeals dismissing it for lack of jurisdiction.  Defendants further contend that because the district court retains jurisdiction through the pendency of a frivolous appeal Judge Finch's decision to stay was in error, and the speedy trial clock should have continued to run during the time of the stay.  Defendants' argument misses the mark.

As the Court of Appeals stated in United States v. Tyler, "[a]t least where, as here, the district court is faced with an interlocutory proceeding in the court of appeals which potentially could affect the trial, we believe the time consumed is excludable for Speedy Trial Act purposes despite the fact that it may have jurisdiction to proceed."  Tyler, 878 F.2d at 759 n.2 (citing Saintil, 705 F.2d at 417).  The statutory language provides for the exclusion of time "resulting from any interlocutory appeal."  18 U.S.C. § 3161(h)(1)(E).  Thus, it was not the October 18, 2006 stay but rather the filing of the notice of appeal on August 18, 2006, which tolled the speedy trial clock as of August 24, 2006, the day it began running.  Whether Judge Finch's stay was proper is irrelevant.

It must also be emphasized, as noted above, that in a multi-defendant case, any interlocutory appeal, even one that is frivolous, tolls the time as to all defendants, including those who did not take an appeal.  DiPasquale, 740 F.2d at 1293; see generally Novak, 715 F.2d at 814.  Thus, regardless of whether this court retained jurisdiction over the matter during the

-11-

pendency of Colon's appeal, the duration of the appeal period is excludable under the Speedy Trial Act against Colon and Christian.

Colon's appeal in Colon I tolled the speedy trial clock from the day it began to run on August 24, 2006 until the decision of our Court of Appeals dismissing the appeal was issued on November 20, 2007.  This period of 450 days is excluded from the total number of days which have elapsed since the clock began running.  The first 179 of these 450 days are duplicative of the days that we determined earlier must be excluded due to the pendency of the government's motion for reciprocal discovery. When we subtract the remaining 271 days from the remaining total of 302 days, we are left with thirty-one days.[5]  This represents the number of non-excludable days that have elapsed since the speedy trial clock began running on August 24, 2006.  Because seventy non-excludable days have not passed, defendants Colon and Christian have not established a violation of the Speedy Trial Act.  See 18 U.S.C. § 3161(c)(1).

III.

Defendants further argue that the delay in bringing their case to trial violated their rights under the Sixth Amendment to the United States Constitution.  The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall

---

5. For the sake of clarity, these thirty-one days are as follows: November 22-30, 2007; December 1-5, 21-27 and 29-31, 2007; and January 1-6, 2008.

enjoy the right to a speedy and public trial."  In determining whether a delay in prosecution infringes a defendant's Sixth Amendment rights, we use a balancing test consisting of four factors, as set forth in <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972).  The factors are:  Length of the delay, reason for the delay, the defendant's timely and proper assertion of his right, and prejudice to the defendant.  <u>Id.</u>; <u>Hakeem v. Beyer</u>, 990 F.2d 750, 764 (3d Cir. 1993).  The court explained the circumstantial nature of this balancing test:  "It is ... impossible to determine with precision when the right [to a speedy trial] has been denied. ... [A]ny inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case."  <u>Id.</u> at 521-22.  If a defendant has been deprived of his constitutional right to a speedy trial, the only remedy is the dismissal of the indictment against him.  <u>Id.</u> at 522.

Charges against both defendants in Colon I were first brought in April, 2004, and we will calculate the period of delay under the Sixth Amendment from that date.  Forty-six months have elapsed between that indictment and the time the present motions to dismiss were filed in January, 2008.  As noted above, the indictment in Colon I was dismissed against the defendants on March 30, 2006, and the indictment in the present case was not filed until May 11 of that year.  The Supreme Court has instructed that "the time that no indictment was outstanding against respondents should not weigh towards respondents' speedy

-13-

trial claims."  Accordingly, we find that the delay for purposes
of defendants' constitutional right to a speedy trial is forty-
four months.  U.S. v. Loud Hawk, 474 U.S. 302, 304 (1986).

        Defendant Christian does not identify, much less
discuss, the four factors this court must consider in its
inquiry, as set forth in Barker.[6]  407 U.S. at 530.  The thrust
of Christian's argument appears to be that the trial in this case
has been so egregiously long in coming that his right to speedy
trial under the Constitution was "presumptively prejudiced."  The
Supreme Court, however, has stated that the length of a delay in
a criminal prosecution itself is only a threshold question.
Doggett v. U.S., 505 U.S. 647, 652 n.1 (1992).  Specifically, the
Court noted that:  "'[P]resumptive prejudice' does not
necessarily indicate a statistical probability of prejudice; it
simply marks the point at which courts deem the delay
unreasonable enough to trigger the Barker enquiry."  Id.  Though
Christian is correct that the forty-four month delay in this case
is certainly long enough to trigger a Barker analysis, he does
not explain why a such an analysis would conclude in his favor.
See Douglas v. Cathel, 456 F.3d 403, 417 (3d Cir. 2006).  In
particular, Christian does not claim that he has suffered any
prejudice, which our Court of Appeals considers the "critical"
factor under Barker.  Wells v. Petsock, 941 F.2d 253, 258 (3d
Cir. 1991); Government of Virgin Islands v. Burmingham, 788 F.2d

_____

6.  Christian has not joined in the motion of Colon, which
provides a more substantial analysis under the Sixth Amendment.

933, 936 (3d Cir. 1986).  Accordingly, the motion of defendant Christian to dismiss the indictment against him on the ground of a violation of his rights under the Sixth Amendment will be denied.

Defendant Colon provides a more extensive analysis of the Barker factors as they pertain to him.  He argues that the first factor, the length of the delay, was unreasonable, as there were no unusual circumstances in bringing the matter to trial. We reiterate that the forty-four month period of delay is significant enough to require an analysis under Barker.  "If the accused makes this [initial] showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim."  Hakeem, 990 F.2d at 760. Though Colon admits that the charges against him are serious, which would tend to allow for a longer delay in trial, we note that the trial resulting from the April, 2004 indictment took place in November of that year, some seven months later.  We must agree with Colon that forty-four months seems an excessive delay.

The Barker court directed that different weights should be assigned to different reasons for the delay:

> A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government.  A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.  Finally, a

-15-

> valid reason, such as a missing witness,
> should serve to justify appropriate delay.

Barker, 407 U.S. at 531 (footnote omitted).  In the present case, there are no allegations that there was any improper delay in bringing the case to trial the first time.  After a mistrial, the government clearly delayed a retrial, as evidenced by the court's dismissal of the first indictment under the Speedy Trial Act.  Significantly, that dismissal was made without prejudice and indicates that the court did not find that the government acted in bad faith, or in an effort deliberately to postpone the trial.  See id.; Wells, 941 F.2d at 258.  While this period of delay must be attributable to the government, it should not weigh heavily against it.  Barker, 407 U.S. at 531.

Further, nearly all of the delay since the re-indictment stems from defendant Colon's interlocutory appeal in Colon I.  That appeal was taken on August 18, 2006 and was not decided by the Court of Appeals until November, 2007.  The district court stayed the start of trial in October, 2006, with the recognition that the decision being appealed to the Court of Appeals was in an action based on the same facts and charges as the one pending before it.  If Colon was correct that Colon I should have been dismissed with prejudice, this present action would necessarily have had to be dismissed.

It is axiomatic that "[a] defendant who resorts to an interlocutory appeal normally should not be able upon return to the district court to reap the reward of dismissal for failure to

-16-

receive a speedy trial." Loud Hawk, 474 U.S. at 316.  More generally, "portions of the delay which are attributable to the defendant or his counsel will not be considered for purposes of determining whether the defendant's right to a speedy trial has been infringed." Gattis v. Snyder, 278 F.3d 222, 231 (3d Cir. 2002) (citations and internal quotations omitted); Hakeem, 990 F.2d at 766.  Since nearly all of the delay stemming from the present indictment is attributable to the defendant, he cannot be heard to argue that the failure to try him during that period infringed his Sixth Amendment right to a speedy trial.

Ultimately, therefore, the cause of the delay in this matter is attributable both to the government and to the defendant.  The government must take responsibility for the delay from April, 2004 until August, 2006, while the delay after that point is primarily due to Colon.  On balance, this second factor favors neither party.

Third, we consider the timeliness of Colon's assertion of his right to a speedy trial.  When a defendant "vigorously pursued a speedy trial," Hakeem, 990 F.2d at 764, that fact "is entitled to strong evidentiary weight in determining whether the defendant is being deprived of that right." Barker, 407 U.S. 531-32.  Though it is clear from the record that defendant has repeatedly asserted his right to a speedy trial, that alone is insufficient to establish that he has appropriately asserted his rights. Loud Hawk, 474 U.S. at 314.  In Loud Hawk, the Supreme Court considered the assertions of criminal defendants who had

-17-

repeatedly moved for dismissal on speedy trial grounds.  Id.  The
Court evaluated those motions in light of the defendants'
simultaneous conduct, which included filing frivolous petitions
for rehearing and for certiorari and filing repetitive and
unsuccessful motions with the district court.  Id. at 315.  Under
those circumstances, the Court found that the defendants'
assertion of their Sixth Amendment right to a speedy trial
ultimately did not support their position.  Id. at 314.  In the
instant matter, we find the same to be true but to a lesser
extent.  Colon's repeated assertion of his right to a speedy
trial is undermined by his simultaneous meritless appeal in Colon
I.  Still, we find that this third factor, Colon's assertion of
his right to a speedy trial, weighs slightly against the
government, given Colon's repeated and appropriate motions to
dismiss.

Finally, we consider the important factor of prejudice,
which must be assessed

> in light of the interests of defendants which
> the speedy trial right was designed to
> protect.  Th[e Supreme] Court has identified
> three such interests:  (i) to prevent
> oppressive pretrial incarceration; (ii) to
> minimize anxiety and concern of the accused;
> and (iii) to limit the possibility that the
> defense will be impaired.

Barker, 407 U.S. at 532.  The final interest listed, the
possibility of an impaired defense, is the most serious, as the
inability of a defendant to prepare his case can disturb the
fairness of the legal system as a whole.  Id.  When, as here, the

-18-

other three <u>Barker</u> factors do not give rise to the level of a constitutional violation, a showing of prejudice is key.  <u>See</u> <u>Burmingham</u>, 788 F.2d at 936.

Colon maintains that he has suffered prejudice of each of the three types listed above.  First, he contends that he has suffered from oppressive pretrial incarceration.  This claim is without merit.  Colon acknowledges that he has not actually been incarcerated since he was released on bond in May, 2004.  Our Court of Appeals has stated that "the impairment of liberty resulting from pretrial incarceration is most serious and, thus, the gravity of the prejudice resulting from long delays before trial is considerably greater than when the defendant is not incarcerated." <u>Wells v. Petsock</u>, 941 F.2d at 257.  Colon also argues that the conditions of pre-trial release to which he was subjected were "more than marginally repressive."  We note that the court has been quite accommodating with respect to Colon's motions to modify the conditions of release, having permitted him to travel to Puerto Rico on multiple occasions for substantial periods of time.  Under similar circumstances, where the defendant was not incarcerated prior to trial, our Court of Appeals determined that he could not claim prejudice from having suffered oppressive pretrial incarceration.  <u>Burmingham</u>, 788 F.2d at 936.

According to Colon, he has developed concern and anxiety due to the pending criminal charges over the period of time during which he has been awaiting trial.  Our Court of

-19-

Appeals has recognized that every criminal prosecution entails some inevitable level of anxiety.  Id. at 937.  For the burden of anxiety to rise to the level of prejudice, however, it must become so pronounced that it threatens "an accused's significant stakes psychological, physical and financial in the prompt termination of a proceeding which may ultimately deprive him of life, liberty or property." U.S. v. Dreyer, 533 F.2d 112, 115 (3d Cir. 1976) (internal quotation and citation omitted).  While we do not wish to minimize the toll that a prolonged prosecution may take on a defendant, there is no evidence in the present matter of any unusually burdensome distress or "severe mental disturbance." Burmingham, 788 F.2d at 936-37; compare Dreyer, 533 F.2d at 115.  Colon references in his brief a psychological evaluation by a Dr. Chester Copeman, but no such document was filed or otherwise provided to the court.

        Lastly, Colon contends that his ability to present adequately his defense has been impaired by the delay. Specifically, he asserts that "in the time that Julio Colon has been indicted and awaiting trial, one of the witnesses who would have provided exculpatory testimony has died."  The Supreme Court in Barker stated that "if witnesses die or disappear during a delay, the prejudice is obvious." 407 U.S. at 532.  Our Court of Appeals, however, has recognized that a district court must still engage in fact-dependent balancing under Barker to determine to what extent the death of a witness is prejudicial to the defendant. See Douglas, 456 F.3d at 419.  In Douglas, a witness

-20-

who was present at defendant's arrest died approximately twenty-five months after the defendant was arrested. Id. The witness was interviewed by the police, informed them that he had not seen the defendant with any weapons, and expressed his willingness to testify on behalf of the defendant. Id. at 412. The Douglas court considered the possible prejudice that could have come from the witness's death. Id. at 419. Because the witness died before the defense team was even prepared to go to trial and the witness's statement had not been explored to determine if his testimony would be helpful to the defendant, the court determined that any prejudice resulting from the witness's death while the case was delayed was speculative. Id. Similarly, Colon has not informed the court as to the identity of this now deceased witness, when he or she died, or what that witness's testimony would have been. Without that information, it is impossible for the court to determine that Colon was prejudiced by the death of the witness.

As the delay in this case has been lengthy, we must also consider the possibility of inferring prejudice to defendant's right to prepare adequately his defense merely from the delay alone. Hakeem, 990 F.2d at 763; Doggett, 505 U.S. at 656. The Supreme Court stated in Doggett that "time can tilt the case against either side[.] ... [E]xcessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify." Colon appears to argue that he has been prejudiced merely by virtue of the delay. We

-21-

must consider this argument as "part of the mix of relevant facts" in the case.  Id.

Other than the presumptive prejudice Colon claims from the length of the delay, Colon has provided the court with nothing more than unsubstantiated claims of prejudice.  Given the facts of the case, and our analysis of the other Barker factors, presumptive prejudice to Colon is insufficient.  Ultimately, Colon has not shown under the Barker factors that his right to a speedy trial under the Sixth Amendment to the Constitution has been violated.  In closing, we note the observation of the court in Saintil:

> Although no provision of the Speedy Trial Act was intended to bar any sixth amendment speedy trial claim, 18 U.S.C.A. § 3173 (West Supp. 1983), it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the sixth amendment right to a speedy trial has been violated.

Saintil, 705 F.2d at 417-18, citing U.S. v. Nance, 666 F.2d 353, 361 (9th Cir. 1981).

Accordingly, we will deny the motion of Colon to dismiss the indictment against him on Sixth Amendment grounds.

IV.

In sum, the motions of Colon and Christian to dismiss for violations of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, and their right to a speedy trial under the Sixth Amendment to the United States Constitution will be denied.

-22-

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

UNITED STATES OF AMERICA    :     CRIMINAL ACTION
                        :
        v.              :
                        :
JULIO COLON AND          :
DARWIN CHRISTIAN        :     NO. 2006-12

<u>ORDER</u>

AND NOW, this 16th day of April, 2008, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion of defendant Julio Colon to dismiss indictment for speedy trial violations (Doc. #82) is DENIED; and

(2)  the motion of defendant Darwin Christian to dismiss the indictment for speedy trial violations (Doc. #80) is DENIED.

BY THE COURT:


/s/ Harvey Bartle III
HARVEY BARTLE III     C.J.
SITTING BY DESIGNATION